UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL JONEL (A# 088-867-589),<br>Petitioner,<br>v.<br>WARDEN, CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-05627 DAD SCR<br><br><u>FINDINGS & RECOMMENDATIONS</u> |

Petitioner is a federal immigration detainee who filed this habeas corpus action pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

## FACTUAL AND PROCEDURAL HISTORY

### I. Factual Background

Petitioner is a native and citizen of Haiti who was admitted to the United States at Miami, Florida, on August 1, 2010. Declaration of C. Campos, ECF No. 6-1 at 2, ¶ 5 ("Campos Decl."). U.S. Citizenship and Immigration Services ("USCIS") Petitioner's Application for Adjustment of Status (Form I-485) on April 14, 2015, and Notice of Appeal (Form I-290B) on July 14, 2017. ECF No. 6-1 at 12 (Form I-213, Jan. 16, 2024).

Petitioner has an extensive criminal history in the United States between 2016 and 2024.

See ECF No. 6-1 at 15-59 (FBI "rap sheet"). On December 12, 2019, Petitioner pled guilty in Broward County, Florida, to felony third degree attempted burglary of an occupied dwelling in violation of Fla. Stat. § 810.02.3(a), trespassing in violation of Fla. Stat. § 810.09, and misdemeanor resisting an officer in violation of Fla. Stat. § 843.02. Campos Decl. ¶ 7. Petitioner received adjudication withheld with twenty-four months of probation and fees/court costs. Id. On July 23, 2023, Petitioner's probation was revoked, and he was sentenced to one year and one day of incarceration in state prison with credit for time served. Id.

Immigrations and Customs Enforcement ("ICE") took Petitioner into custody after his release from state prison. Campos Decl. ¶ 15. Petitioner's first immigration case was terminated because the charges on the Notice to Appeal ("NTA") were incorrect, and on February 20, 2024, ICE issued a revised NTA charging Petitioner as deportable under 8 U.S.C. §§ 1227(a)(2)(A)(ii) (convicted of two crimes involving moral turpitude), 1227(a)(2)(E)(i) (convicted of a crime of domestic violence), and 1227(a)(1)(C)(i) (failure to maintain or comply with conditions of nonimmigrant status). ECF No. 6-1 at 9 (NTA). On March 4, 2024, an immigration judge ("IJ") ordered Petitioner released on $7,000 bond pursuant to 8 C.F.R. § 1236 and on the conditions of "no further arrests; no harmful contact." Campos Decl. ¶ 16; ECF No. 6-1 at 112 (IJ order).

Law local enforcement arrested Petitioner for child abuse under Fla. Stat. § 948.06 on or around August 8, 2024. ECF No. 6-1 at 51. On June 4, 2025, ICE re-detained Petitioner pursuant to 8 U.S.C. § 1226(a) following his release from state prison and cancelled his immigration bond. ECF No. 6-1 at 118-120 (Form I-200); id. at 121-122 (Notice of Custody Redetermination); Campos Decl. ¶ 18 ("Petitioner is currently detained . . . pursuant to INA § 236(a)."). Petitioner is currently detained at the Central Valley Annex within this judicial district. ECF No. 1 at 1.

## II. Procedural History

Petitioner, proceeding pro se, filed this § 2241 petition on July 20, 2026. ECF No. 1. The undersigned construes Petitioner's challenge to his detention without an individualized custody re-determination as arising under the Due Process Clause of the Fifth Amendment.[1] See Laws v.

[1] Petitioner's separate claims for relief under 8 C.F.R. § 241.4, ECF No. 1 at 7-8, is inapplicable because that provision governs "[c]ontinued detention . . . beyond the removal period," and

Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (courts must "construe *pro se* habeas filings liberally"). By way of relief, Petitioner seeks "immediate release under reasonable conditions of supervision." ECF No. 1 at 8.

Respondent does not dispute that Petitioner is detained under 8 U.S.C. § 1226(a) and is entitled to a custody redetermination hearing. ECF No. 6 at 4. However, Respondent emphasizes that under the statute, it is Petitioner's obligation to request a bond hearing and asks the Court to construe this petition as that request. Respondent further insists that a post-deprivation remedy is appropriate in light of Petitioner's multiple encounters with law enforcement, including two convictions for resisting law enforcement, and that Petitioner must bear the burden of proof. Id. (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1213 (9th Cir. 2022)). In the alternative, Respondent argues that Petitioner has failed to exhaust his § 1226(a) remedies and asks the Court to dismiss the action or stay it to allow Petitioner to pursue a hearing. Id. at 5.

## III. Legal Standards

### A. Applicable Immigration Detention Statute

The Parties do not dispute that Petitioner is detained pursuant to 8 U.S.C. § 1226(a) and entitled to a custody re-determination proceeding before an IJ. See Jennings v. Rodriguez, 583 U.S. 281, 288 (2018) ("Section 1226 generally governs the process of arresting and detaining" noncitizens who are deportable under § 1227(a)(1) and (2)); Rodriguez Diaz, 53 F.4th at 1196 (Section 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal.").

Section 1226(a) provides the Government broad discretion whether to release or detain the individual. Rodriguez Diaz, 53 F.4th at 1196. "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination. The [noncitizen] will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen] is likely to appear for any future proceeding.'" Id. (citing 8 C.F.R. § 236.1(c)(8)). If a noncitizen wishes to contest ICE's initial custody

---

Petitioner here is in pre-removal detention.

determination—i.e., the denial or amount of bond—the noncitizen has a right to do so before an IJ at "any time before an order [of removal] becomes final." 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1). If the IJ decides to release a noncitizen on bond, "no change should be made by [the Department of Homeland Security] absent a change of circumstance." Matter of Sugay, 17 I. & N. Dec. 637, 640 (BIA 1981); see also Ortega v. Bonnar, 415 F. Supp. 3d 963, 968 (N.D. Cal. 2019) (citing Saravia v. Sessions, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017), aff'd sub nom. Saravia for A.H. v. Sessions, 905 F.3d 1137 (9th Cir. 2018)).

**B. Administration Exhaustion**

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Courts may require exhaustion as a prudential matter when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007) (quoting Noriega-Lopez v. Ashcroft, 335 F.3d 874, 881 (9th Cir. 2003)). "If a petitioner fails to exhaust prudentially required administrative remedies, then 'a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies,'" unless exhaustion is excused. Hernandez, 872 F.3d at 988 (citing Leonardo v. Crawford, 646 F.3d 1157, 1161 (9th Cir. 2011)). The exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004).

**DISCUSSION**

Given the Parties' agreement that Petitioner is subject to 8 U.S.C. § 1226(a), the undersigned finds that Petitioner should be required to exhaust his administrative remedies under that statute and its implementing regulations. There is no evidence before the Court that seeking

a custody redetermination pursuant to those authorities would be futile or should otherwise be excused. For instance, Petitioner has not alleged that he has requested or was denied a bond hearing before an IJ. Petitioner alleges only that he was entitled to a bond hearing "[a]fter 90 days," ECF No. 1 at 7, but does not cite any authority—and the undersigned is not aware of any—that supports such an entitlement.

However, to ensure that Petitioner can access a bond hearing consistent with Respondent's representations here that he is detained under § 1226(a), the undersigned finds it necessary to grant Petitioner declaratory relief as opposed to dismissing without prejudice. See ECF No. 1 at 8 (requesting any additional relief "this Court deems just and proper."); 28 U.S.C. § 2201 ("In a case of actual controversy within its jurisdiction . . . [a court] may declare the rights and other legal relations of any interested party seeking such declaration[.]"). The undersigned finds this relief necessary because Petitioner may be eligible for mandatory detention under 8 U.S.C. § 1226(c)(1)(B) because he was administratively charged under 8 U.S.C. § 1227(a)(2)(A)(ii). ECF No. 6-1 at 9. Respondent failed to raise or address the applicability of § 1226(c) at all and the undersigned considers the issue waived. See Otilio B.F. v. Andrews, 809 F. Supp. 3d 1038, 1048 (E.D. Cal. 2025) (holding respondents waived applicability of mandatory detention statute where they failed to address its applicability "in any meaningful way"), appeal dismissed sub nom. Barragan Franco v. Andrews, No. 26-617, 2026 WL 1204651 (9th Cir. Feb. 19, 2026). The declaratory judgment should reflect that petitioner is detained under 8 U.S.C. § 1226(a) and entitled to the protections of that statute and its implementing regulations, including the right to request an initial custody re-determination hearing pursuant to 8 C.F.R. § 1236.

**CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that Petitioner Paul Jonel's (A# 088-867-589) application for a writ of habeas corpus (ECF No. 1) be GRANTED and a declaratory judgment issue that Petitioner is subject to the discretionary detention scheme in 8 U.S.C. § 1226(a) and eligible to invoke the procedural protections in that statute and its implementing regulations, including the right to request an initial custody redetermination hearing pursuant to 8 C.F.R. § 1236.1.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 17, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE